IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOSHUA T.,[1]

                                        No. 3:24-cv-01480-YY

                Plaintiff,              OPINION AND ORDER

        v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

                Defendant.

YOU, Magistrate Judge.

        Plaintiff Joshua T. seeks judicial review of the Social Security Commissioner's final

decision denying his application for social security income ("SSI") under Title XVI of the Social

Security Act ("SSA"). 42 U.S.C. §§ 1381–83. This court has jurisdiction to review the

Commissioner's decision pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). For the reasons set

forth below, the Commissioner's decision is AFFIRMED.

## PROCEDURAL HISTORY

        Plaintiff filed an application for social security income on May 2, 2020, alleging a

disability onset date of January 1, 2017. Tr. 256. The Commissioner denied plaintiff's claim

initially on December 2, 2020, and again upon reconsideration on October19, 2021. Tr. 84, 95.

Plaintiff filed a written request for a hearing, which was held before an Administrative Law

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of
the nongovernmental party in this case.

1 – OPINION AND ORDER

Judge ("ALJ") on June 13, 2023. Tr. 59–77. At that hearing, plaintiff amended his onset date to

May 6, 2020, the date of his application. Tr. 64. On November 1, 2023, the ALJ issued a

decision finding plaintiff not disabled within the meaning of the Act. Tr. 40–58. The Appeals

Council denied plaintiff's request for review on July 1, 2024. Tr. 1–6. Thus, the ALJ's decision

is the Commissioner's final decision and subject to review by this court. 42 U.S.C. § 405(g); 20

C.F.R. § 422.210.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper

legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. §

405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a

mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal

quotation marks omitted). This court must weigh the evidence that supports and detracts from the

ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting

evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014) (quoting *Lingenfelter v.

Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that

of the Commissioner when the evidence can reasonably support either affirming or reversing the

decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is

susceptible to more than one rational interpretation, the Commissioner's decision must be upheld

if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533

F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999)).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 45. At step two, the ALJ found that plaintiff had the following severe, medically determinable impairments: Chron's disease, Bell's palsy, chronic pain disorder, depressive disorder, anxiety, trauma disorder, and history of substance use. Tr. 46. At step three, the ALJ found no impairment met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 46. The ALJ assessed plaintiff's residual functional capacity ("RFC") as follows:

> [C]laimant has the residual functional capacity to perform medium work . . . except can frequently climb, balance, stoop, kneel, crouch, and crawl; and can have occasional exposure to extreme temperatures, pulmonary irritants, vibration, and hazards. [He] can understand, remember, and carry out simple instructions, and can use judgment to make simple work-related decisions; can deal with occasional changes in a routine work setting; and can occasionally interact with coworkers, and the public.

Tr. 47.

At step four, the ALJ determined that plaintiff has no past relevant work. Tr. 50. The ALJ then found that, considering plaintiff's age, education, work experience and RFC, there are jobs

that exist in significant numbers that plaintiff can perform, including package sealer, marker, and routing clerk. Tr. 50–51. Thus, at step five, the ALJ found that plaintiff was not disabled. Tr. 51.

## DISCUSSION

Plaintiff claims the ALJ erred in rejecting his subjective symptom testimony and the medical opinion of Dr. Makkalearn Em.

## I.      Subjective Symptom Testimony

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The proffered reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, available at 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's

record when evaluating the intensity and persistence of symptoms. *Id.* at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

At his hearing, plaintiff testified that Crohn's disease significantly impacts his day-to-day life. Plaintiff stated that during a recent 18-month incarceration, he received no treatment or medication for Crohn's disease and was not started on medication until shortly before his hearing in June 2023. Tr. 66–67. Plaintiff testified that he goes to the restroom four to ten times a day and takes multiple breaks from his part-time job to use the restroom. Tr. 70–71. Plaintiff's restroom breaks can last up to forty minutes long, depending on the severity of his symptoms on any given day. Tr. 70-71. His Crohn's disease causes severe fatigue and he "feel[s] like [his] body's not absorbing the nutrients," resulting in a lack of energy. Tr. 70.

The ALJ concluded that plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record.

### A.    Objective Medical Evidence

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. §§ 416.929(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8. The lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's

testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")). However, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original).

Plaintiff argues the ALJ improperly rejected his claims that he must use the restroom frequently and for long periods of time. Pl. Br. 11. Plaintiff contends the ALJ relied on evidence that was not "sufficient to rebut the frequency and amount of time required" for his restroom breaks.

The ALJ acknowledged plaintiff's Crohn's disease diagnosis warranted some limitations but observed that "his condition appears generally well-controlled." Tr. 48. The ALJ noted that despite claiming he had multiple episodes of diarrhea each day and weight loss, plaintiff had gained twenty pounds and there was no evidence of malnutrition. Tr. 48 (citing Tr. 936, 1335, 1399, 1524). Plaintiff's lab results were in fact unremarkable, including normal electrolyte levels. Tr. 623, 635, 659, 931, 1498, 1505. The ALJ further noted that plaintiff's CT scans showed a lack of "adjacent inflammatory changes to suggest active inflammatory process"; indeed, the results of plaintiff's CT scan were described as "reassuring." Tr. 48 (citing Tr. 1498).

Additionally, the ALJ found that plaintiff's "lack of interest" in pursuing treatment was "inconsistent with his allegations of debilitating symptoms." Tr. 48. As an example, the ALJ cited to chart notes from an August 2020 medical visit where plaintiff reported abdominal pain, said he was expecting a prescription for opioids, expressed frustration that he was not being provided with stronger pain medications, and was unwilling to talk about other treatment options or a "GI follow-up." *Id.* (citing Tr. 930). Also, as the ALJ noted, plaintiff's gastroenterologist

observed in June 2023 that plaintiff's "symptoms seem to be out of proportion to [his] current state of disease based on [] objective data." *Id.* (citing Tr. 1534).

Furthermore, the ALJ observed that plaintiff's reported need for restroom breaks was inconsistent throughout the record. Plaintiff reported needing to use the restroom 4 to 8 times per day in April 2020, up to 15 times per day in June 2021, 4 to 5 times per day in May 2023, and 4 to 10 times a day at his hearing in June 2023. Tr. 48; *see* Tr. 1314, 1331, 1528, 70-71. The ALJ accounted for the restroom limitation supported by the record in the hypothetical posed to the vocational expert at the hearing, specifically, that plaintiff should have ready access to a restroom. Tr. 74. *See* SSR 16-3p (ALJs consider a claimant's symptom allegations when determining his or her residual functional capacity and the extent to which those symptoms are consistent with the evidence in the record); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("[I]n hypotheticals posed to vocational experts, the ALJ must only include those limitations supported by substantial evidence.").

In sum, the ALJ provided clear and convincing reasons for discounting plaintiff's symptom testimony and supported those reasons with substantial evidence.

## II.    Medical Opinion Evidence

Plaintiff argues the ALJ erred in evaluating the medical opinion of treating physician Makkalearn Em, M.D. For claims filed on or after March 27, 2017, ALJs must apply 20 C.F.R. § 415.920c for Title XVI claims. *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 82 Fed. Reg. 5844, *available at* 2017 WL 168819 (Jan. 18, 2017). Under these regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 416.920c(a)–(b). To that end, controlling weight is no longer given to any medical opinion. *Revisions to Rules*, 82 Fed. Reg. at 5867-68; *see also* 20

C.F.R. § 416.920c(a). Instead, the Commissioner evaluates the persuasiveness of medical

opinions based on (1) supportability, (2) consistency, (3) relationship with the claimant, (4)

specialization, and (5) other factors, such as "evidence showing a medical source has familiarity

with the other evidence in the claim or an understanding of our disability program's policies and

evidentiary requirements." 20 C.F.R. §§ 416.920c(a), (c)(1)–(5). Of these, the factors of

"supportability" and "consistency" are considered to be "the most important factors" in the

evaluation process. 20 C.F.R. § 416.920c(c). Supportability means the extent to which a medical

source supports the medical opinion by explaining the "relevant . . . objective medical evidence."

*Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (citing 20 C.F.R. § 416.920c(c)(1)).

Consistency means the extent to which a medical opinion is "consistent . . . with the evidence

from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R §

416.920c(c)(2)). An ALJ must articulate how persuasive a medical opinion is and how the

supportability and consistency factors were considered. 20 C.F.R. §§ 416.920c(a)–(b).

       In June 2023, Dr. Em completed a Residual Functional Capacity Questionnaire in support

of plaintiff's SSI application. Tr. 1515-20. Dr. Em described plaintiff's Crohn's disease as

chronic with "sharp, 5/10 intensity" pain that is "daily and continuous." Tr. 1515-16. Dr. Em

opined that plaintiff was incapable of tolerating even a "low stress" job, and that his impairments

prevent him from walking more than one block without rest. Tr. 1518. Dr. Em further limited

plaintiff to sitting, standing, and walking less than two hours total in an eight-hour day, and

stated plaintiff would require four to five unscheduled restroom breaks a day. Tr. 1518-19.

       The ALJ found Dr. Em's medical opinion unpersuasive, noting first that his opinion was

not supported by his own treatment notes. For example, Dr. Em opined that plaintiff had

abdominal distention, but his treatment notes state plaintiff is negative for abdominal distention.

Tr. 50; *see* 1515, 1525. The ALJ also pointed out that although Dr. Em opines that plaintiff can only walk one block and can lift ten pounds only occasionally, his treatment notes contain no such limitations. Tr. 50. In fact, Dr. Em's treatment notes describe plaintiff as having a normal gait and normal muscle strength and tone. Tr. 1525, 1533. Thus, the ALJ's conclusions as to Dr. Em's opinion are supported by substantial evidence.

Plaintiff suggests that the ALJ failed to consider other limitations identified by Dr. Em. Specifically, plaintiff argues that the ALJ was required to address Dr. Em's opinion that he would require four to five unscheduled restroom breaks per day and would likely be absent from work more than four days per month. Pl. Br. 7. However, the regulations do not require an ALJ to parse and analyze medical opinions in this function-by-function fashion. *See Fierro v. Comm'r of Soc. Sec.*, No. 1:22-CV-00982-EPG, 2023 WL 6725135, at *5 (E.D. Cal. Oct. 12, 2023) ("[I]t is not legal error to fail to address every limitation in an opinion.") (citing *Shaylene M. H. v. Kijakazi*, No. 5:22-CV-0987-JC, 2023 WL 4912141, at *5 (C.D. Cal., July 31, 2023) ("But an ALJ is neither required to discuss every piece of evidence nor every word or limitation in an opinion."); *Charlene J. R. v. Kijakazi*, No. 5:20-01774 ADS, 2021 WL 5051930, at *4 (C.D. Cal. Oct. 29, 2021) (finding the ALJ was only required to consider the supportability and consistency of an opinion in determining persuasiveness and not required to provide specific reasons as to why he did not adopt every particular limitation)); 20 C.F.R. § 416.920c. Here, the ALJ properly concluded that Dr. Em's own treatment notes conflicted with the extreme limitations identified in his opinion. *See Ford v. Saul*, 941 F.3d 1141, 1154 (9th Cir. 2020) (holding an ALJ may reject a medical opinion if it is "brief, conclusory, and inadequately supported by clinical findings") (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)); *see also Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (holding a medical opinion is properly found unpersuasive

where the provider assesses limitation that are "contradicted [by] his own treatment records"). Additionally, the ALJ found Dr. Em's opinion was inconsistent with other medical evidence in the record that showed plaintiff had no restrictions regarding walking and had not experienced any weight loss. Tr. 50; *see* 1536, 1537. *See Tommassetti*, 533 F.3d at 1041 (holding an ALJ does not err in rejecting a medical opinion that is inconsistent with objective medical evidence and other evidence in the record). Thus, the ALJ properly evaluated the persuasiveness of Dr. Em's opinion by considering the supportability and consistency of that opinion with the record as a whole.

**CONCLUSION**

For the reasons given above, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED July 17, 2025.

/s/ Youlee Yim You        <br>Youlee Yim You<br>United States Magistrate Judge